# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| DELANNE REICHARD,<br><br>    Plaintiff,<br><br>v.<br><br>JDT ENROLLMENT GROUP, LLC, a Florida limited liability company doing business as RJ PREPARATIONS and JD CREATIONZ, LLC;<br>CROSS COUNTRY GROUP, LLC, a Florida limited liability company;<br>JD TERRERO CREATIONZ, LLC, a Florida limited liability company;<br>JOSE DAVID TERRERO, a resident of Florida;<br>LEIGHTON CONROY JOHNSON, a resident of Florida;<br>SUNTRUST BANK CORPORATION, a Georgia corporation, Relief Defendant; and<br>JOHN/JANE DOES 1-10, unidentified co-conspirators or entities<br><br>    Defendants. | No. 19-CV-645-SWS-MLC |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER

This matter came before the Court on Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order, for Preliminary Injunction, and for an Asset Freeze (Doc. 18). Having considered the motion and the record herein, the Court finds and concludes Plaintiff has established her right to some, but not all, of the relief she requests.

## BACKGROUND

Plaintiff's complaint alleges all the Defendants (except SunTrust Bank Corporation, which is only named as a relief defendant) are alter-egos of each other and have scammed Plaintiff (and potentially many others) out of thousands of dollars. She contends she contracted with Defendant JDT Enrollment Group, and in exchange for 24 monthly payments of $447.22 (paid through electronic check withdrawals), JDT Enrollment Group was supposed to help ease her unsecured debt by representing her against her creditors and working to lower her interest rates, lower her payoff amounts, and using some portion of her monthly payments to pay down her debt. Instead, contends Plaintiff, JDT Enrollment Group and its various alter-egos took her monthly payments and provided her nothing of substance in return. To date, she has paid over $8,000.00 to Defendants and has approximately five monthly payments left under the contract.

On July 16, 2019, Plaintiff filed this lawsuit alleging Defendants violated the Credit Repair Organization Act ("CROA"), 15 U.S.C. § 1679, as well as various state law claims. (Doc. 1.) In the instant motion, she seeks (1) an *ex parte* temporary restraining order (and subsequent preliminary injunction) "to keep Defendants from harming other New Mexico residents and from withdrawing more money from her bank account," and an asset freeze over two bank accounts held or controlled by Defendants. (Doc. 18 at p.

2.) Plaintiff says all Defendants have been served with notice of this lawsuit except for Defendant Leighton Conroy Johnson, who is allegedly dodging service. Natalie Lehman has entered her appearance on behalf of Relief Defendant SunTrust Bank, but the remaining Defendants currently do not have representation. Additionally, Defendants have not received notice of this instant emergency *ex parte* motion.

## DISCUSSION

For a temporary restraining order (TRO), the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). Additionally, TROs issued without notice to the opposing party are further governed by Fed. R. Civ. P. 65(b), which provides in part as follows:

> **(1) *Issuing Without Notice.*** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Subsections (b)(2), (b)(3), and (b)(4) place additional requirements and restrictions on TROs issued without notice, which the Court will address later in this Order.

The Court finds the requirements for a TRO without notice have been satisfied here, but only as to prohibiting Defendants from withdrawing any more money from Plaintiff's bank account. Plaintiff's complaint establishes a likelihood of success on her CROA claims. (*See* Doc. 1 at ¶¶ 22, 25, 26.) Additionally, Plaintiff submitted an affidavit setting forth specific facts supporting her request for a TRO, namely, that she feared Defendants were "going to keep taking money out of" her bank account, that other Defendants with which she had never contracted had endorsed the electronic withdrawal checks, that Defendants never reduced her unsecured debts, that Plaintiff has minimal resources with which to satisfy her financial obligations, and that Defendants have failed or refused to provide her an accounting of how it has spent her monthly payments. (Doc. 18 at pp. 17-19.) The balance of equities tips in favor of precluding Defendants from withdrawing any more money from Plaintiff's bank account because Plaintiff is potentially harmed by the loss of the monthly payment, while receiving nothing in return, far more than Defendants would be harmed by the loss of the monthly payment. The public interest also supports Defendants being denied Plaintiff's money without providing anything of value in return (which is the Court's preliminary finding). Finally, Plaintiff's attorney certified in writing that he made no effort to give notice of the TRO

request to Defendants and explained such notice should not be required because it was highly likely that Defendants were fly-by-night entities that would only use the opportunity to hide any assets it has to avoid paying any future judgment in Plaintiff's favor. (Doc. 18 at pp. 1-16.)

At this time, given the allegations in the complaint as well as the motion and supporting affidavit, it appears Plaintiff will suffer irreparable harm if a temporary restraining order is not issued. Based on Plaintiff's limited resources and the minimal return she has allegedly received from Defendants, Defendants will be prohibited from withdrawing anything more from Plaintiff's bank account.

However, Plaintiff's other requests for relief must be denied. Plaintiff has not established how she has standing to represent "other New Mexico residents," nor has she shown any likelihood of irreparable harm to these other New Mexico residents, nor has she shown any other New Mexico residents are customers of Defendants. Further, as for her request to freeze two bank accounts "held by or for Defendants at SunTrust Bank" (Doc. 18 at p. 15), Plaintiff has not demonstrated, aside from rank speculation, that Defendants have fleeced any other customers. If Defendants are legitimately trying to help customers ease their unsecured debt (that is, if Defendants are engaged in a legitimate business practice), then the potential harm to Defendants (and indirectly to their other customers) caused by freezing Defendants' bank accounts heavily outweighs

the benefit to Plaintiff of potentially preserving assets against which a future judgment can be executed. Plaintiff seeks to incapacitate several business entities by freezing their assets, but has provided only minimal evidence thus far suggesting those entities present a danger to others. The Court is sympathetic to Plaintiff's contentions, but the risk of damage by taking a sledgehammer to potentially-legitimate businesses without first allowing those businesses to answer the complaint is simply far too great absent extraordinary evidence, which has not been shown to exist in this case.

The Court's findings herein are preliminary, based only on the record now before it, and should not be considered in any way a determination as to the ultimate validity of Plaintiff's claims.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order, for Preliminary Injunction, and for an Asset Freeze (Doc. 18) is **GRANTED IN PART AND DENIED IN PART**. All Defendants are hereby enjoined from withdrawing any money, via any means, from Plaintiff's bank accounts. All other requests for relief are denied.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond of **$447.22** (one month's payment owed to Defendants under the contract) as security for payment of any costs and damages sustained by

Defendants if found to have been wrongfully enjoined or restrained. This bond shall be posted with the Clerk of Court's office **no later than 5:00 p.m. on August 9, 2019**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b)(2), this Temporary Restraining Order shall be effective immediately as of the date and time of its entry, and it shall remain in effect for fourteen (14) days or until this Court's entry of an order with respect to the preliminary injunction sought by Plaintiff, whichever is sooner.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b)(3), a preliminary-injunction hearing is set for **Monday, August 19, 2019, at 1:30 p.m. MDT**, via telephone conference. All parties shall appear by telephone through the Court's conference call system:

Toll Free 1-888-278-0296
Access code 7368031#
Join as guest Press #
Security code 6775#

**ORDERED:** August 6th, 2019, at 5:35 AM/PM.

Scott W. Skavdahl
United States District Judge